Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Grandinetti; and James Grandinetti;<br><br>    Plaintiffs,<br><br>v.<br><br>Portfolio Recovery Associates, L.L.C.;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiffs are natural persons who reside in Maricopa County, Arizona.

4. Plaintiffs are allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

6. Defendant Portfolio Recovery Associates, L.L.C. ("PRA") is a Delaware limited liability company.

7. PRA is registered with the Arizona Corporation Commission to conduct business within the state.

8. PRA is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0923917.

9. PRA collects or attempts to collect debts which it has been assigned or which it has purchased after default.

10. At all times relevant herein, PRA is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

11. On March 6, 2014, PRA filed suit in the San Marcos Justice Court

|   |     |                                                                                              |
|---|-----|----------------------------------------------------------------------------------------------|
| 1 |     | against Plaintiffs to collect a debt it claimed to have purchased                            |
| 2 |     | from FIA Card Services, N.A. / Bank of America (hereinafter                                  |
| 3 |     | "BANA Debt").                                                                                |
| 4 | 12. | Any debt which Plaintiffs would have owed to FIA Card Services, N.A. / Bank of America was incurred for personal, family, or household purposes. |
| 7 | 13. | Plaintiffs retained counsel to represent them concerning the BANA debt. |
| 9 | 14. | On December 2, 2014, the justice court entered judgment in favor of PRA and against Plaintiffs in the amount of $9,012.33. |
| 11 | 15. | In January 2016, Plaintiffs and PRA, through their respective counsel negotiated a settlement of the BANA Debt which included payment by Plaintiffs of $4,425.67, and an agreement that PRA would move to set aside the judgment and dismiss the case with prejudice. |
| 16 | 16. | On or about January 29, 2016, Plaintiffs paid PRA by cashier's check the amount of $4,425.67 as full satisfaction of PRA's claim. |
| 18 | 17. | On or about April 7, 2016, PRA filed a motion to set aside the judgment and dismiss the justice court case with prejudice. |
| 20 | 18. | The San Marcos Justice Court granted PRA's motion on May 3, 2016, setting aside the judgment and dismissing the case with prejudice. |
| 23 | 19. | On September 2, 2016, PRA mailed a collection letter to Plaintiffs concerning the BANA debt and the justice court judgment. |
| 25 | 20. | In the letter, PRA states that the letter is regarding "Remaining |

1     Judgment Amount: $4,586.66.

2  21.  In the letter, PRA also states that:

> As you are probably aware, Portfolio Recovery Associates, LLC obtained a judgment against you on 12/02/2014. This obligation has a remaining amount of $4,586.66; . . . .

22. At the time PRA mailed the September 2, 2016 letter to Plaintiffs, it knew that the judgment entered on December 2, 2014 had been settled, and that the judgment itself had been set aside by the justice court.

23. At the time PRA mailed the September 2, 2016 letter to Plaintiffs, it knew that Plaintiffs were represented by counsel concerning the BANA Debt.

24. On January 28, 2017, PRA once again mailed a collection letter to Plaintiffs concerning the BANA debt and the justice court judgment.

25. In the letter, PRA states that the letter is regarding "Remaining Judgment Amount: $4,586.66.

26. In the letter, PRA also states that:

> As you are probably aware, Portfolio Recovery Associates, LLC obtained a judgment against you on 12/02/2014. This obligation has a remaining amount of $4,586.66; . . . .

27. At the time PRA mailed the January 28, 2017 letter to Plaintiffs, it knew that the judgment entered on December 2, 2014 had been settled, and that the judgment itself had been set aside by the justice court.

28. At the time PRA mailed the January 28, 2017 letter to Plaintiffs, it

knew that Plaintiffs were represented by counsel concerning the BANA Debt.

29. As a result of Defendant's actions as outlined above, Plaintiffs have suffered actual damages including, but not limited to, emotional distress, anxiety, worry, invasion of privacy, and other emotional distress.

30. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendant's persistent and routine practice of debt collection.

31. In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

32. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

33. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

34. As a direct result and proximate cause of Defendant's actions taken in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

a) Actual damages under the FDCPA;

1  b) Statutory damages under the FDCPA;

2  c) Costs and reasonable attorney's fees pursuant to the FDCPA;

3  and

4  d) Such other relief as may be just and proper.

6  DATED   March 9, 2017   .

8        s/ Floyd W. Bybee
      Floyd W. Bybee, #012651
9        **BYBEE LAW CENTER, PLC**
      90 S. Kyrene Rd., Ste. 5
10       Chandler, AZ 85226-4687
      Office: (480) 756-8822
11       Fax: (480) 302-4186
      floyd@bybeelaw.com

      Attorney for Plaintiffs